IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID WESCH, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00864-ESC |
| | § | |
| vs. | § | |
| | § | |
| MARK W. REYNOLDS, SHERIFF | § | |
| COMAL COUNTY; DERRICK | § | |
| SASSENHAGEN, SERGEANT, COMAL | § | |
| COUNTY SHERIF'S OFFICE; JOSHUA | § | |
| VELA, BADGE #3343; F/N/U | § | |
| GONZALEZ, OFFICER, COMAL | § | |
| COUNTY JAIL, BADGE #3374; AND | § | |
| F/N/U RUIZ, OFFICER, COMAL | § | |
| COUNTY JAIL; | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for the Appointment of Counsel [#40]. By his motion, Plaintiff David Wesch asks the Court to appoint him counsel in this case. Plaintiff is incarcerated and seeks counsel to assist him in obtaining expert witnesses, conducting depositions, and obtaining discovery. Having considered the motion and documentation provided by Plaintiff, the Court will deny the motion without prejudice to a future appointment at a later stage in the proceedings.

Plaintiff is currently incarcerated at the Texas Department of Criminal Justice's Wynne Unit. (Compl. [#1] at 3.) Plaintiff's Complaint asserts an Eighth Amendment violation against various prison guards, alleging Plaintiff was the victim of excessive force and that he was placed in a segregation cell after the incident and denied medical attention for three days. (Ex. 1 [#1-1] at 2–3.) The Court granted Plaintiff the right to proceed *in forma pauperis* in this action, and Defendants filed an answer. Plaintiff filed a first motion to appoint counsel with the District

1

Court, which was denied without prejudice on March 30, 2020.  The parties thereafter consented to the jurisdiction of a United States Magistrate Judge, and this case was transferred to the undersigned's docket.

This Court has discretion to appoint counsel in a civil case, but there is no right to the appointment of counsel.  *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Under governing law, appointment of counsel in a civil case should be allowed only in exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86.  In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the plaintiff's ability to adequately investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination.  *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The Court finds no exceptional circumstances to be present in this case.  Plaintiff's Complaint demonstrates a clear understanding of the facts underlying his case, clearly states the causes of action he intends to pursue, and evidences an ability to communicate them to the Court. The Court therefore finds Plaintiff is able to adequately represent himself in this case at this stage of the proceedings.

After this case was transferred to the undersigned's docket, the Court issued a Scheduling Order, which provided a framework for the parties to request and exchange information [#36]. Under the Scheduling Order, discovery has not yet closed, and dispositive motions are due on or before December 18, 2020.  The Court expects the parties to cooperate with the directives in the Scheduling Order.  In order to apprise the Court of the status of discovery and other matters, the Court will direct Defendant to file an Advisory with the Court setting forth the progress of this litigation, discovery that has been exchanged to date, and any outstanding discovery or other matters.   If at a later juncture, the case becomes procedurally or substantively complex, or if the case proceeds to trial, Plaintiff may again petition the Court for the appointment of counsel.

**IT IS THEREFORE ORDERED** that action is Plaintiff's Motion for the Appointment of Counsel [#40] is **DENIED**.

SIGNED this 14th day of October, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE